IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JEREMY BAXTER-SMALLWOOD and DENISE
BAXTER-SMALLWOOD; GARY BRAZOWSKI;
TERENCE BARTON and AGNES BARTON;
ROBERT BATE; JASON CALLEN; ELIZABETH
CLARK; ALLISON HAIRES; PAUL KURCHIK and
MADELINE KURCHIK; FRANK LACITIGNOLA;
SHAUN LOUGHRAN and IMELDA LOUGHRAN;
ROBERT MORRIS; KEVIN PARKER; GRAHAM
PETTIPIERE and LORNA PETTIPIERE; SIMON PITTIS
and JULIA PITTIS; JIM RUSTON and JUDITH RUSTON;
PETER SCAMMELL; RUPERT SMITH and SAMANTHA
SMITH; and ALBINO TARABOCCHIA;

CASE NO.: 2011-CA-13959
DIVISION: 39

Plaintiffs,
vs.

REMINGTON HOLDINGS, L.P.; ASHFORD WQ HOTEL,
LP; ASHFORD WQ HOTEL GP, LLC; ASHFORD WQ
LICENSEE, LLC; WQ HOTEL MANAGEMENT LLC;
ASHFORD HOSPITALITY TRUST, INC; and
WORLDQUEST RESORT CONDOMINIUM
ASSOCIATION, INC.,

Defendants.

_____/

**COMPLAINT**

The Plaintiffs sue the Defendants and say:

<u>The Parties</u>

1. At all times relevant to this action Plaintiffs were and are residents of the United Kingdom, Spain, Canada or the State of New Jersey in the United States and are sui juris.

1

2. At all times relevant to this action Defendant, Ashford WQ Hotel, LP was and is a limited partnership authorized to do business in the State of Florida as a Foreign Limited Partnership. Ashford WQ Hotel, LP is an affiliate of Ashford Hospitality Trust, Inc. and is the owner of the amenities properties, which is the subject of this complaint.

3. At all times relevant to this action Defendant, Ashford WQ Hotel GP, LLC was and is the general partner of the Defendant, Ashford WQ Hotel, LP. Ashford WQ Hotel GP, LLC was and is a limited liability company authorized to do business in the State of Florida as a Foreign Limited Liability Company.

4. At all times relevant to this action Defendant, Ashford WQ Licensee, LLC was and is a limited liability company authorized to do business in the State of Florida as a Foreign Limited Liability Company and on information and belief is also an affiliate of Ashford Hospitality Trust, Inc., but Plaintiffs are unaware of the nature of the affiliation.

5. At all times relevant to this action the Defendant, WQ Hotel Management LLC was and is a limited liability company authorized to do business in the State of Florida as a Foreign Limited Liability Company and is the Authorized Agent of Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC.

6. At all times relevant to this action the Defendant, Ashford Hospitality Trust, Inc. was and is a foreign corporation authorized to do business in the State of Florida as such. On information and belief, Ashford

Hospitality Trust, Inc. is affiliated with Ashford WQ Hotel LP and Ashford WQ Licensee, LLC, however, the nature to the affiliation is unknown to the Plaintiffs.

7. At all times relevant to this action the Defendant, WorldQuest Resort Condominium Association, Inc. was and is a Florida non-profit corporation authorized to do business in the State of Florida as a non-profit corporation and is the condominium association, which owns and controls the common elements of the condominium development, WorldQuest Resort. The association is currently controlled, dominated and manipulated by employees of WQ Hotel Management LLC to the disadvantage of the unit owners of condominium units in WorldQuest Resort for the purpose of controlling access to the amenities properties, which are the subject of these causes of action.

8. At all times relevant to this action the Defendant, Remington Holdings L.P. was and is a limited partnership organized under the laws of the State of Delaware, but is not authorized to do business in Florida, but is the managing member of WQ Hotel Management, LLC through which it in fact does do business in the State of Florida and dominates, controls and manipulates the condominium association at WorldQuest Resort, the affiliates of Ashford Hospitality Trust, Inc. and the amenities properties at WorldQuest Resort to the disadvantage of the condominium owners at that resort.

## Jurisdiction and Venue

9. This is an action for Breach of Contract, for violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statute Section 501.201 (2010) and a Request for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610 (2010) and Florida Statutes Section 501.211 (2010). Plaintiffs' seek damages in excess of Fifteen Thousand Dollars ($15,000.00), which exceed the jurisdictional limit of this Court, exclusive of costs and attorney's fees and injunctive relief both of which invoke the jurisdiction of this court.

10. Defendant, Remington Holdings LP, is subject to the jurisdiction of this court under Florida Statute 48.193(1) (g) in that the Defendant has breached a contract in the State of Florida by failing to perform acts required by the contract to be performed in the State of Florida as hereinafter alleged.

11. Otherwise, the Defendants and each of them are subject to the jurisdiction of this court in that they have in consort and individually participated in deceptive and unfair trade practices within the State of Florida in violation of this state's Deceptive and Unfair Trade Practices Act, to wit, Florida Statutes Section 501.201 et seq.

12. Venue is proper in Orange County, Florida because the causes of action as set forth herein accrued and the real property involved is situated in Orange County, Florida.

## General Allegations

13. Plaintiffs are owners of condominium units located in the WorldQuest Resort, on WorldQuest Blvd., in Orlando, Florida.

14. Plaintiffs purchased condominium units from a seller other than the Defendants.

15. The condominium units were not sold as being included in a residential condominium, but as condominiums to be rented out or used as a place for vacation.

16. The Plaintiffs use the condominiums to vacation in the area or rent out their unit to individuals who want to vacation in the area.

17. When the original purchasers of the condominium units contracted to purchase the units now owned by the Plaintiffs, they were initially informed by the developer that the amenities, which are the focal point of this litigation, were included in the common areas. Most of the Plaintiffs purchased their units from the original developer, but some of the Plaintiffs purchased their units from original purchasers and acceded to any rights those original purchasers held. Shortly before the original purchasers were to close on the purchase of the units, the developer requested that the purchasers sign off on certain "minor" modifications of the declaration of condominium. Those "minor" modifications turned out to include the exclusion from the common elements, which included the amenities, which are the focal point of this litigation. Subsequent to the

closing of the purchases, the original purchasers were notified that the amenities would be made available to them for a nominal fee.

18. The amenities include the pool, spa, clubhouse, bathhouse, fitness center, restaurant, shops and stores located on the amenities property.

19. The original purchasers executed a Recreational Facilities Use Agreement (hereinafter referred to as "Agreement") with the developer in order to obtain access to the amenities. A true copy of the Amenities agreement which the original purchasers were required to sign to obtain access to the amenities excluded from the original declaration of condominium is attached hereto as Exhibit A.

20. In 2009, Wachovia Bank, instituted a foreclosure action against WorldQuest Resort Partners, LLC, who were the owners and developers of the property located at 8849 WorldQuest Blvd, Orlando, Florida and the amenities property included in that action is the subject of this lawsuit.

21. On or about March 10, 2011, the Defendant, Ashford WQ Hotel, LP purchased the amenities property and other property located at WorldQuest Blvd., Orlando, Florida.

## COUNT I
### Breach of Contract

Plaintiffs re-allege and incorporate herein by reference all allegations made in Paragraphs 1 through 21 above as if fully set forth herein.

22. The Defendant, Ashford WQ Hotel, LP, purchased the property subject to the Agreement already in place by the previous owner of the amenities.

Paragraph 17 of the Agreement states that the Agreement shall inure to and be binding upon the successors and assigns of the Parties.

23. Paragraph 13(a) of the agreement states that the Agreement is automatically renewed for a consecutive one (1) year period beginning on the anniversary date of the term commencement date unless otherwise terminated in accordance with the provisions of this Agreement.

24. The Defendants, Ashford WQ Hotel, LP and Ashford WQ Hotel, Licensee, LLC attempted to terminate the agreement by posting a letter to the Plaintiffs stating they elect to terminate the Agreement that was in place when Ashford WQ Hotel, LP purchased the property. A true copy of that letter is attached hereto and marked Exhibit B. However, the Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, did not simply attempt to terminate the agreement; they proposed several alternatives for the Plaintiffs to continue to have access to the amenities property. One such option was to enter into a new, recreational facilities agreement identical to the previous agreement, but with a substantial increase in the fee to be charged.

25. If the Plaintiffs elected to sign the new agreement, the fee for use of the amenities would increase from $512.00 per month or $6,144.00 per year to $1,000.00 per month or $12,000.00 per year.

26. If the Plaintiffs failed to sign the new agreement, they would no longer be allowed to use the amenities located on the property at WorldQuest Resort.

27. Paragraph 4 (b) of the Agreement allows for an increase of fees for the use of the amenities at the discretion of the Amenities Manager. However, the Amenities Manager may not increase the fee by an amount greater than the increase in the actual costs of providing and maintaining the amenities.

28. The Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, did not present the Plaintiffs with documentation of an increase in the actual cost of providing and maintaining the amenities. However, the Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, attempted to replace the Agreement with a new agreement at a higher rate, which was not justified by any increase in cost. The new agreement seeks to increase the fees for the use of the amenities.

29. The Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, breached the Agreement, which was in place when Ashford WQ Hotel, LP purchased the property, when it attempted to terminate the Agreement and require the Plaintiffs to enter into a new agreement substantially increasing the usage fee completely unrelated to any increase in cost of providing or maintaining the amenities. The Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, by attempting to cancel the Agreement and require the Plaintiffs to enter into a new agreement with a usage fee considerably in excess of that in place before the attempted termination, attempted to do indirectly, what they could not do directly under the Agreement that was previously in place when it purchased the property. After the Defendants attempted to terminate the Agreement in place, the

Defendants then presented the Plaintiffs with the alternatives, one of which included signing a new usage agreement that arbitrarily raised the usage fee.

30. The other alternatives offered by the letter from the Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, were to participate in the Remington managed rental program or the Ashford's newly created leasing program.

31. The Remington managed rental program requires the Plaintiffs to enter into a rental agreement with Ashford WQ Hotel, LP. Ashford WQ Hotel, LP, through the rental manager, entered into a sub-management agreement with WQ Hotel Management, LLC, an affiliate of Remington Lodging and Hospitality, LLC, whereby Remington will become responsible for the operation of the rental management program.

32. Participation in the Remington managed rental program, is for a minimum initial term of three (3) years. The agreement is subject to an automatic renewal term, which will be extended for additional periods of time such that the remaining term of the agreement shall always be at least eighteen (18) months.

33. Participation in the Remington managed rental program gives Remington exclusive rights to manage the unit. All decisions concerning the operation of the rental management program and the rental of the unit during the term of the agreement will be made solely by the rental manager. The

rental manager will have the sole and absolute right to establish the rental rates for the unit.

34. The Plaintiffs, as owners or designated owner guests, use of their condominium units are restricted and subject to certain black out dates if they choose to participate in the Remington managed program. The Plaintiffs are also subject to restrictions in reserving and using the condominium units.

35. Participation in Ashford's leasing program requires the Plaintiffs to enter into a ten (10) year agreement, pay annual rent of one (1) dollar and payment of all condominium owner association dues and assessments, utilities, real estate taxes, insurance and all maintenance/repair costs on the unit.

36. By participating, in the leasing program, the Plaintiffs' access to their unit would be limited to up to forty-five (45) days per calendar year, with the same reservation deadlines and seasonality restrictions that presently exist in the Remington-managed rental program.

37. When the Plaintiffs refused to enter into a new usage agreement or comply with the Defendants, Ashford WQ Hotel, LP's and Ashford WQ Licensee, LLC's, demand that they elect from other options presented, including joining in the Defendant's Remington rental or leasing programs, the Defendants, Ashford WQ Hotel, LP, Ashford WQ Licensee, LLC, denied the Plaintiffs and their guests access to the amenities.

38. As a consequence of the denial of the use of the amenities, the Plaintiffs have incurred damages in excess of Fifteen Thousand Dollars ($15,000.00) for improper termination of the Agreement previously entered into for use of the amenities located at WorldQuest Resort. The damages already sustained by the Plaintiffs and which will be sustained by the Plaintiffs, if the Defendants are not enjoined from prohibiting the Plaintiffs and their guests from utilizing the amenities properties pursuant to the agreement which the Defendants, Ashford WQ Hotel, LP and Ashford WQ Licensee, LLC, have attempted to terminate is so difficult to predict that monetary awards will be insufficient to repair the harm done to the Plaintiffs both in terms of lost revenue, prospective loss of ownership and damage to the enterprise currently being engaged in by the Plaintiffs and therefore are irreparable, entitling the Plaintiffs to injunctive relief both temporary and upon final hearing permanent to prevent the Defendants from prohibiting the Plaintiffs and their guests from utilizing the amenities properties.

Wherefore, Plaintiffs respectfully request judgment against the Defendants for all damages incurred, and such other relief, as this court deems appropriate including an injunction both temporary and permanent to prevent the Defendants and each of them from prohibiting the Plaintiffs and their guests from utilizing the amenities properties.

## COUNT II
### Violation of the Unfair Trade Practices and Deceptive Acts, Florida Statute Section 501.204

Plaintiffs re-allege and incorporate herein by reference all allegations made in Paragraphs 1 through 38 above as if fully set forth herein.

39. The Defendants offered the Plaintiffs use of the amenities located at the WorldQuest Resort, Orlando, Florida, for a fee, or participation in a leasing or management program.

40. The Defendants gave the Plaintiffs three options for a new agreement.

41. The first option was to allow the Plaintiffs the opportunity to place their units in the Remington-managed rental program.

42. Participation in the Remington-managed rental program provides access to the amenities at no charge or a reduced rate of $75.00 per month or $900.00 per year.

43. The second option is to participate in a newly created leasing program, where the Defendants will lease the Plaintiffs' condominium unit.

44. Participation in the newly created leasing program provides access to the amenities at no charge.

45. The third option is to execute a new agreement for usage of the amenities.

46. Election of the third option requires each Plaintiff to pay a monthly fee of $1,000.00 or a yearly fee $12,000.00 for the use of the amenities for each unit owned.

47. The new usage fee agreement calls for an increase fee, which almost doubled the amount the Plaintiffs will be required to pay for use of the amenities located at the WorldQuest Resorts.

48. The increase usage fee interferes with the Plaintiffs ability to rent the condominium at a comparable rate.

49. If the Plaintiffs do not select one of the three options, the Plaintiffs, their renters and their guests are not able to have access to the use of the amenities located on the property. In fact, since October 1, the Plaintiffs and their guests have been denied access to those amenities because the Plaintiffs have not succumbed to the illegal attempts by the Defendants to force the Plaintiffs to compromise their free will in utilizing and renting their units. These attempts by the Defendants to compromise the ability of the Plaintiffs to utilize and rent their units and to force the Plaintiffs to enter into a rental program beneficial exclusively to the Defendants and to the disadvantage of the Plaintiffs is a violation of the Unfair Trade and Fair Practices Act (Florida Statutes 501.201(2010)).

50. The other options presented to the Plaintiffs do not allow them to manage who rents the condominium, but the Plaintiffs would have to select a rental management company operated by the Defendants or elect to lease their condominium through a leasing program operated by the Defendants.

51. If the Plaintiffs want to manage their condominium rentals, they will have to sign a new usage fee agreement with the increase fee of $1,000.00 per month or $12,000.00 per year.

52. Without the use of the amenities, the Plaintiffs are unable to attract vacationers to rent their condominium units at a rate comparable to the other units located in the WorldQuest Resort area.

53. The Plaintiffs have suffered a loss in rental income as a result of their guests not being allowed to use the amenities located on the property and are being damaged irreparably by the conduct of the Defendants.

54. Participation in the Remington managed rental program and participation in the newly created leasing program interferes with the ability of the Plaintiffs to manage the renting of their condominium units.

55. The Defendants have changed the coding of the keys, which allow access to the pool, bar and fitness center. The Plaintiffs, their renters and their guests have been denied access to these amenities since October 1, 2011.

56. Renters who currently hold a reservation for one of the condominium units owned by the Plaintiffs are denied or will be denied access to the amenities.

57. As a result of the denied access, the Plaintiffs will have to compensate renters for any inconvenience, move the renters to another resort, or give a full refund when the renter insists on new accommodations. In some instances, the guests who have been long-term clients of the Plaintiffs have announced that because they have been deprived of the use of the amenities that they will not be renting from the Plaintiffs in the future. As a result, the Plaintiffs are being irreparably harmed by the conduct of the Defendants and determination of the extent of that damage is beyond the

ability of the Plaintiffs to calculate. The consequence of these events is that the irreparable harm being caused to the Plaintiffs is not compensable and justifies the court in enjoining the Defendants from further violation of the Plaintiffs and their guests' access to the amenities.

58. The Plaintiffs have had to compensate renters, provide alternative accommodations to renters or refund money to renters because the renters were denied access to the amenities.

59. The Defendants' actions are interfering with the Plaintiffs' right to rent, use and enjoy their property as an investment.

60. The Defendants' actions are in violation of Florida's Deceptive and Unfair Trade Practices Act.

61. Plaintiffs have retained the undersigned law firm and are obligated to pay them a reasonable fee for their services in this matter. Plaintiffs are entitled to reasonable attorneys fees pursuant to Florida Statute 501.2105.

Wherefore, the Plaintiffs respectfully request this Court enter a judgment against the Defendants, grant injunctive relief, damages, attorneys' fees, cost, interest and such other relief as this court deems appropriate.

### COUNT III
### Request for Injunctive Relief

Plaintiffs re-allege and incorporate herein by reference all allegations made in Paragraphs 1 through 61 above as if fully set forth herein.

62. Defendants have changed the key coding for the keys, which unlock the gates and doors to the amenities, so that the keys previously supplied to the Plaintiffs and their agent Sky Management will not open the gates and

doors to the amenities. The Defendants have otherwise blocked access to the amenities, to deny the Plaintiffs, their renters and their guests' access to the amenities located at the WorldQuest Resort property.

63. The Plaintiffs have pending reservations for renters to rent their condominium units who were or are expecting to have access to the amenities located at the WorldQuest Resort property.

64. If the renters are unable to gain access to the amenities, the Plaintiffs will have to compensate renters for any inconvenience, move the renters to another resort, or give a full refund when the renter insists on new accommodations at a substantial financial loss to the Plaintiffs. Such losses are so extensive and cause future loss of return rentals that they cannot be calculated, resulting in the damages to the Plaintiffs being irreparable.

65. The Plaintiffs have repeat renters for the condominium units, which offered access to the amenities. If the repeat renters who have had access to the amenities are currently denied access to the amenities and become dissatisfied with the accommodations, the renters will find other places to rent and this will cause harm to the Plaintiffs reputation which will be irreparable.

66. Plaintiffs have had repeat renters terminate their stay at the resort because the renters where denied access to the amenities.

67. Defendants, through their staff at the resort, have threatened to have the Plaintiffs' renters arrested if the renters try to gain access to the amenities.

68. The Plaintiffs are losing revenue as a result of the Defendants' action in denying them, their renters and their guests' access to the amenities.

Wherefore, the Plaintiffs request this Court enter a Temporary Injunction, enjoining the Defendants from denying Plaintiffs, their renters and their guests' access to the amenities at the WorldQuest Resort Property located at 8849 WorldQuest Blvd, Orlando, Florida.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable as a matter of right.

## VERIFICATION

I, Jeremy Baxter-Smallwood, am a Plaintiff in the above action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

_____
Jeremy Baxter-Smallwood

Dated this _____ day of October 2011.

Respectfully submitted this 24th day of October, 2011.

>ROBY AND ROBY,
>ATTORNEYS AT LAW, P.A.
>
>*/s/ C.D. Buie for*
>Ronald H. Roby, Esquire
>Florida Bar No.: 097728
>Carsandra D. Buie, Esquire
>Florida Bar No.: 0046043
>ATTORNEYS FOR PLAINTIFFS
>201 West Canton Avenue
>Suite 275
>Winter Park, FL 32789
>Telephone: (407) 647-8065
>Fax: (407) 647-3880